# IN THE COURT OF APPEALS OF IOWA

No. 22-0916
Filed March 29, 2023

**DOMNICK DEMETRIS HOGAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Des Moines County, Wyatt Peterson, Judge.

An applicant seeks postconviction relief from his conviction for second-degree robbery. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Domnick Hogan seeks postconviction relief (PCR) from his conviction for second-degree robbery. Hogan has not shown he received ineffective assistance on his claim that defense counsel failed to inform him of the direct consequences of his guilty plea. We affirm the district court's decision denying his PCR application.

## I.       Background Facts & Proceedings

Hogan was charged with first-degree robbery, in violation of Iowa Code sections 711.1(1) and 711.2 (2018), a class "B" felony, and possession of a firearm by a felon, in violation of section 724.26(1), a class "D" felony. If he was convicted of both charges and the sentences were to be served consecutively, Hogan was facing thirty years in prison.

Hogan entered into a plea agreement wherein he would plead guilty to a reduced charge of second-degree robbery, a class "C" felony, and the charge of possession of a firearm by a felon would be dismissed. The plea agreement included the provision, "At sentencing, both parties will recommend a 10-year prison sentence, with the imposition of the mandatory seven-year sentence."

At the plea hearing, held on October 18, 2018, defense counsel set out the terms of the plea agreement, including the provision that both parties would recommend "the imposition of the seven years mandatory time." The court informed Hogan the sentencing recommendation in the plea agreement was not binding on the court. The following exchange also occurred:

> The Court: There are certain maximum and minimum penalties for the crime to which you're pleading guilty, which I understand to be Robbery in the Second Degree. The following are

the maximum and minimum penalties imposed, as well as other possible consequences of your plea.

The maximum sentence is up to ten years in the Iowa State Penitentiary. The maximum fine is $10,000, plus a 35 percent surcharge, plus court costs, and possible restitution, and also reimbursement to the State for any court-appointed attorney fees.

The minimum penalties are you must serve at least between 50 and 70 percent of the maximum sentence—and, again, the maximum sentence is ten years—before you are eligible for parole or work release. There is a minimum $1000 fine, plus the surcharges, court costs, court-appointed attorney's fees, and restitution I mentioned previously. That fine cannot be suspended.

In addition, you are required to submit a DNA specimen or provide a DNA specimen. Do you understand the possible maximum and the required minimum penalties for the crime with which you are charged?

Hogan: Yes, sir.

The court accepted Hogan's guilty plea to second-degree robbery. On December 3, 2018, Hogan was sentenced to a term of imprisonment not to exceed ten years. The judgment entry stated, "The mandatory minimum sentence pursuant to Iowa Code section 902.12 shall apply."[1] Hogan did not appeal his conviction or sentence.

Hogan filed a PCR application on January 28, 2019. He claimed he received ineffective assistance because defense counsel did not adequately

---

[1] Section 902.12(4) provided:

A person serving a sentence for a conviction for robbery in the second degree in violation of section 711.3 for a conviction that occurs on or after July 1, 2016, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence as determined under section 901.11, subsection 4.

At the time Hogan was sentenced this was section 902.12(3) and it has since been renumbered. For convenience we refer to the current code number.

The judgment entry did not specify the percentage of the total sentence Hogan should serve as a mandatory minimum sentence. On appeal, however, Hogan and the State agree Hogan must serve a mandatory minimum sentence of seven years.

inform him of the mandatory minimum sentence for second-degree robbery before he pled guilty. He stated that if he had known he might be sentenced to fifty percent of a ten-year sentence, which is five years, rather than seventy-percent, which is seven years, he would not have pled guilty and would have insisted on going to trial.

The district court denied Hogan's PCR claims. The PCR court noted that at the guilty plea proceedings, the court explained the mandatory minimum sentence to Hogan, specifically stating, "you must serve at least between 50 and 70 percent of the maximum sentence." Also, there is no indication the State would have agreed to a plea agreement where the parties recommended a five-year mandatory minimum rather than a seven-year mandatory minimum. The court found Hogan failed to show he received ineffective assistance of counsel. Hogan now appeals, claiming he received ineffective assistance of counsel.

## II.     Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. El-Amin*, 952 N.W.2d 134, 138 (Iowa 2020). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020). When there has been a guilty plea, to show prejudice an applicant must establish that "there is a reasonable probability that, but for counsel's error he or she would not have pleaded guilty and

would have insisted on going to trial." *Horton v. State*, 966 N.W.2d 663, 666 (Iowa Ct. App. 2021) (citation omitted).

### III.    Discussion

Hogan claims he received ineffective assistance because defense counsel did not inform him about a direct consequence of his guilty plea. He states defense counsel had a duty to inform him of the mandatory minimum sentence for second-degree robbery, which under section 902.12(4) could be "between one-half and seven-tenths of the maximum term of [his] sentence." Hogan asserts that if he had known he could receive fifty percent of a ten-year sentence, or five years, he would not have agreed to the plea agreement that provided the parties would recommend a mandatory minimum sentence of seven years.

A similar argument was raised in *Williams v. State*, where Maurice Williams claimed defense counsel "was ineffective in informing him about the minimum sentence on the robbery counts." No. 15-0633, 2016 WL 5480736, at *1 (Iowa Ct. App. Sept. 28, 2016). We determined, "Assuming without deciding counsel provided incorrect information about the robbery sentences before Williams decided to plead guilty, there is a reasonable probability Williams would still have pled guilty because the district court gave him correct information about his sentences during a detailed plea colloquy." *Id.* at *2. We found that given the court's statements to Williams, he "would be hard-pressed to argue any misinformation from counsel about the robbery sentences affected his decision to plead guilty." *Id.* We concluded Williams failed to establish that he was prejudiced by defense counsel's conduct and he did not show he received ineffective assistance of counsel. *Id.*

As noted, during the plea colloquy, the district court informed Hogan, "The minimum penalties are you must serve at least between 50 and 70 percent of the maximum sentence—and, again, the maximum sentence is ten years—before you are eligible for parole or work release." Hogan responded, "Yes, sir," when asked "Do you understand the possible maximum and the required minimum penalties for the crime with which you are charged?" As with Williams, we find Hogan "would be hard-pressed to argue any misinformation from counsel about the . . . sentences affected his decision to plead guilty." *See id.*

We conclude Hogan has failed to show he was prejudiced by the conduct of defense counsel, in that he has not shown "there is a reasonable probability that, but for counsel's error he . . . would not have pleaded guilty and would have insisted on going to trial." *See Horton*, 966 N.W.2d at 666. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Therefore, we do not address whether defense counsel breached an essential duty.

We conclude Hogan has failed to show he received ineffective assistance of counsel. We affirm the district court decision denying his PCR application.

**AFFIRMED.**